1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

_____

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

This document relates to:
*Conner v. Bayer Corp., C05-76*

12    This matter comes before the court on Procter & Gamble

13 Pharmaceuticals' Motion to Dismiss Pursuant to Federal Rule of

14 Civil Procedure 4(m), for failure to effect timely service.

15    Plaintiff Naomi Conner filed her complaint in Florida state

16 court on October 11, 2004. On November 15, 2004, proceeding under

17 Florida's substituted service outlined at Fla. Stat. Ann. §§

18 48.161 and 48.181, she served the Florida Secretary of State as

19 agent acting on behalf of Procter & Gamble Pharmaceuticals

20 ("P&GP"). On November 22, 2004, defendant Bayer removed the

21 matter to federal court, and on February 7, 2005, the case was

22 docketed in this MDL. Plaintiff sent the state court summons and

23 complaint by certified mail to P&GP on February 11, 2005.

24    Defendant first argues that service was not within the 120

25 days provided by Fed. R. Civ. P. 4(m), calculating the running of

26 time from October 11, 2004 to February 11, 2005 or February 14,

ORDER
Page – 1 –

1  2005, the dates of the sending and receiving of the complaint,
2  respectively. Under P&GP's calculations it was notified either
3  three or six days in excess of the time provided by rule.

4      Defendant also argues that plaintiff did not properly serve
5  notice under Florida law. On November 15, 2004, plaintiff served
6  a copy of the state court summons and the complaint on the
7  Florida Secretary of State, in accordance with Fla. Stat. Ann. §§
8  48.161 and 48.181. The statutes authorize service on a nonresi-
9  dent party by service of the summons and complaint on a desig-
10 nated agent (in this case, the Secretary of State) and delivery,
11 forthwith, of the same to the defendant by certified mail.
12 Although plaintiff served the Secretary of State in a timely and
13 proper fashion, she did not mail the summons and complaint to
14 defendant, as noted above, until February 11, 2004, some ninety
15 days later after service on the Secretary of State. The delay,
16 defendant argues, falls outside the statute's requirement that
17 defendant be served "forthwith," nullifying the service under
18 Florida law.

19     As a threshold matter, the court finds that the proper date
20 from which the service clock should run under Fed. R. Civ. P.
21 4(m) is that of removal of the case from state court to federal,
22 November 22, 2004, and not the date on which the complaint was
23 filed in state court. *See* Wright & Miller §1082 ("The Rule [4(m)]
24 time-period limitation starts on the date of removal because
25 there is no federal interest in prompt service until the date of
26 removal.") *citing Bruley v. Lincoln Property Co., N.C., Inc.*, 140

ORDER
Page – 2 –

F.R.D. 452 (D.C. Colo. 1991).

Nevertheless, in this case plaintiff did not obtain a summons or serve process in accordance with federal law by February 14, 2005, or at any time within the 120-day period, which expired on or about March 22, 2005.[1]  Instead, as noted above, she attempted to effect substituted service under Florida law, filing notice with the Florida Secretary of State on November 15, 2004, before removal to federal court, and delivering such notice and summons (issued by the state court) to defendant on February 14, 2004, after removal.

This attempt at service was defective under any theory the court can discern from the spare arguments set forth in the parties' briefs. First, the summons and complaint mailed on February 11, 2005 were clearly not proper service as a matter of federal law. By statute, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. In this case, plaintiff had not completed or perfected service as of November 22, 2004, the date of removal. She cannot now avail herself of 28 U.S.C. § 1448,

---

[1]Indeed, plaintiff has yet to obtain a summons from the federal court or otherwise attempt service on P&GP under Fed. R. Civ. P. 4.

ORDER
Page – 3 –

however, as she did not "complete" service "in the same manner" as if the case had been "originally filed" in the district court, by seeking a new summons from the federal court in accordance with Fed. R. Civ. P. 4.

Nor can plaintiff claim she perfected service under Florida law. In the Ninth Circuit, a plaintiff cannot begin service in state court, in accordance with state law, and then attempt to complete the state-law service upon removal.[2] *See Beecher v. Wallace*, 381 F.2d 372, 372 (9th Cir. 1967)("[D]oes a state court summons issued but not served prior to removal of the state court action to the federal courts retain any efficacy for further service of process after the removal? The district court concluded that it does not. We agree.")

There are some exceptions to the Ninth Circuit prohibition on completing state-law service after removal to federal court. If a plaintiff has served defendant and has only to perfect that service by filing the return thereon, she may do so after removal. *Id. Beecher* also acknowledged that "if under state law technical errors on the face of the summons can be cured by amendment (and thus do not render the process void), such process may be completed in the federal court in the same manner as in the state court." *Id.* Neither situation arose in this case; Conner had more than a filing of the service left to accomplish

---

[2]Notably, both parties were derelict in their obligation to bring this authority to the court's attention.

ORDER
Page – 4 –

1  at removal, and the defect in her service was far more than a
2  mere facial technicality, as the statutory requirements of
3  delivering the summons and complaint on defendant remained.

4      Conner might argue (though she does not in her brief) that
5  by serving the Secretary of State she in fact "served" the
6  summons and complaint on defendant, putting defendant on notice.
7  Under this theory, the further statutory requirement for substi-
8  tuted service – that a plaintiff deliver the summons and com-
9  plaint "forthwith" – might be construed as a "technicality." A
10  plaintiff in this situation might argue she should therefore be
11  granted the protection of the *Beecher* "technicality" exception
12  noted above.

13      The reasoning underlying the *Beecher* decision, and Florida
14  state law, however, foreclose this possibility. According to
15  *Beecher*, a federal court cannot oversee completion of service
16  begun in state court where the state court never in fact gained
17  jurisdiction over the defendant in question. *Beecher* at 372
18  ("Thus service of process . . . is an indispensable prerequisite
19  to the court's jurisdiction to proceed."). And according to
20  Florida law, unless a plaintiff choosing sustituted service has
21  delivered the summons and complaint forthwith, service is defec-
22  tive and the state court has not gained jurisdiction over that
23  defendant. *See, e.g., Parish Mortg. Co. v. Davis*, 251 So.2d 342
24  (Fla. App. 1971)(holding that where statutory requirement for
25  mailing copy of summons to nonresident 'forthwith' was not
26  complied with and notice was not mailed to nonresident defendant

ORDER
Page – 5 –

1  corporation until 37 days after service on Secretary of State,
2  attempted service was invalid, and court was without jurisdiction
3  over defendant). Because Florida courts never gained jurisdiction
4  over P&GP in this case, this court cannot oversee completion of
5  service. *Beecher* at 372.

6      Plaintiff alternatively asks this court for an enlargement
7  of time in which to serve P&GP. Federal R. Civ. P. 4(m) autho-
8  rizes the court to grant a plaintiff additional time in which to
9  perfect service upon showing of "excusable neglect" or as the
10  court otherwise deems appropriate. *See Mann v. American Airlines,*
11  324 F.3d 1088, 1090 (9th Cir. 2003)("The current rule requires a
12  district court to grant an extension of time if good cause is
13  shown and permits the district court to grant such an extension
14  even absent good cause.").

15      The court hereby finds that an extension of time for plain-
16  tiff to serve P&GP is appropriate. Although plaintiff has failed
17  to show good cause in this case, defendant has likewise failed to
18  demonstrate prejudice. Plaintiff shall effect proper service upon
19  P&GP under the Federal Rules immediately and in no case later
20  than July 15, 2005. The several-month delay of service, while not
21  insubstantial, cannot be blamed for the fading of witness memo-
22  ries or loss of evidence, especially since the delay of actual
23  notice of the pending action was even more negligible: six days
24  by the court's calculations. Finally, dismissal Fed. R. Civ. P.
25  4(m) in any case would be without prejudice; allowing Conner to
26  properly serve P&GP under an extension of time avoids the formal-

ORDER
Page – 6 –

1    ities of the  dismissal and refiling of plaintiff's claims.

2        For the foregoing reasons, the court DENIES defendant's

3    motion to dismiss, and GRANTS plaintiff's request for an enlarge-

4    ment of time. Plaintiff shall properly serve P&GP forthwith, and

5    in no case later than July 15, 2005.

6

7        DATED at Seattle, Washington this 5th day of July, 2005.

8

9                                  BARBARA JACOBS ROTHSTEIN
                                   UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
Page  –  7  –