UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER GRANTING PROCTER & GAMBLE PHARMACEUTICALS' MOTION FOR SUMMARY JUDGMENT |
| This document relates to: | |
| *Conner v. Bayer Corp.*, C05-76 | |

Plaintiff Naomi Conner alleges that she suffered a stroke after ingesting three PPA-containing over-the-counter medications: Alka Seltzer Plus Cold Medicine, Robitussin CF and Vick's DayQuil. This matter comes before the court on a motion by defendant Procter & Gamble Pharmaceuticals for summary judgment, and on plaintiff's motion to amend her complaint.

A. <u>Motion for Summary Judgment</u>

Defendant's summary judgment motion relies on the simple assertion that it had no involvement in the manufacture, marketing or distribution of the medications plaintiff alleges are related to her injuries. P&G Pharmaceuticals concedes that it was involved in the manufacture of Entex, a prescription medication containing PPA, and also submits that Procter & Gamble Distributing Company, a related but separate entity, produced Vick's DayQuil. As P&G Pharmaceuticals points out, the Procter & Gamble

ORDER
Page - 1 -

1  Company – the parent company of both the above-named entities –
2  has dozens of subsidiaries, a fact that was publicly known at the
3  time plaintiff filed suit.
4      In her response, plaintiff submits in evidence only a copy
5  of the Physicians Desk Reference, which refers to "Procter &
6  Gamble" as manufacturer of Vick's DayQuil. Plaintiff does not
7  directly dispute that P&G Pharmaceuticals was not involved in
8  production of the medications at issue, address the distinction
9  between P&G Pharmaceuticals and P&G Distributing, or otherwise
10 present evidence that would support holding one entity liable for
11 the alleged actions of the other. Instead, she repeatedly refers
12 to "Procter & Gamble" as if it were a single entity, conflating
13 P&G Pharmaceuticals, which she named in the complaint, with P&G
14 Distributing, which is concededly responsible for the manufacture
15 and distribution of the medicine at issue. She falls far short,
16 therefore, of meeting her burden of demonstrating that there is a
17 genuine issue of material fact in this case as it relates to P&G
18 Pharmaceuticals. Summary judgment as to P&G Pharmaceuticals is
19 therefore appropriate and is hereby granted. P&G Pharmaceuticals
20 is dismissed.
21 B.   <u>Motion to Amend</u>
22     In her response to the motion for summary judgment plaintiff
23 embeds an alternative "Motion for Substitution of Parties."
24 Plaintiff asks the court to substitute P&G Pharmaceuticals with
25 P&G Distributing Company, the company admittedly involved in the
26 production of the medications allegedly related to plaintiff's

ORDER
Page – 2 –

stroke.

Defendant objects to plaintiff's request that the court allow the amendment, relying on the standard under Fed. R. Civ. P. 15(a) and Ninth Circuit law that although such amendment be freely granted, amendment should not be allowed where there is undue delay, prejudice, or bad faith, or where the proposed amendment would be futile. *See, e.g., Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Defendant asserts that the delay was undue because plaintiff (or her counsel) has long known of the distinction between the two P&G entities, and knew that P&G Distributing (and not P&G Pharmaceuticals) manufactured Vick's DayQuil, yet has failed until now to attempt to name the proper party. Defendant further claims prejudice resulting from the fact that plaintiff's injury occurred approximately nine and a half years ago, and that the statute of limitations on her claims have run. For this reason, also, defendant asserts that plaintiff's proposed amendment would be futile, as her claims would be immediately dismissed on statute of limitations grounds.

Plaintiff does not address defendant's assertion that her delay in seeking to substitute the proper party is undue, and makes no explanation therefor. Plaintiff also does not dispute that the statute of limitations has run on her claims against P&G Distributing, but submits that the court should allow those claims to relate back to the time of the filing of her original complaint. Where the claims arise out of the same conduct or occurrence, an amendment to a complaint may relate back to the

ORDER
Page - 3 -

date of original filing where the substituted party (1) had notice of the institution of the original action; (2) will not suffer undue prejudice resulting from the delay; and (3) is aware that but for plaintiff's mistake, it should have been named in the original complaint. Fed. R. Civ. P. 15(c).

According to Fed. R. Civ. P. 15(c)(3), an amendment can only relate back to the original complaint where notice is received "within the period provided by Rule 4(m) for service of the summons and complaint." As this court has already ruled, notice in this case was inadequate and untimely under Fed. R. Civ. P. 4(m). *See Conner v. Bayer Corp.*, C05-76, Order Denying Defendant's Motion to Dismiss at 3, July 5, 2005. Plaintiff's bald assertion that P&G Distributing had notice of the pending lawsuit against P&G Pharmaceuticals because both entities are represented by the same law firm is an inadequate response given the plain language of the rule. Her failure to effect timely and proper notice is fatal to her motion to amend, which is therefore denied.

For the foregoing reasons, defendant P&G Pharmaceuticals' motion for summary judgment is GRANTED. Plaintiff's motion for substitution is DENIED.

DATED at Seattle, Washington this 17th day of November, 2005.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 4 -